In re: EXXON VALDEZ.

Sea Hawk Seafoods, Inc.,
Plaintiff—Appellant,

Cook Inlet Processors, Inc.; Sagaya Corp.; William McMurren; Patrick L. McMurren; William W. King; George C. Norris; Richard Feenstra; Wilderness Sailing Safaris; Seafood Sales, Inc.; Rapid Systems Pacific Ltd.; Nautilus Marine Enterprises, Inc.; William Findlay Abbott, Jr.; Plaintiffs' Liaison Counsel, Co–Lead Counsel or Lead Trial Counsel; Other Plaintiffs in Consolidated Cases; Hunter Crane; Randy Barnes; Richard Newby; Larry Powers; Eagles Fisheries, L.P.; Theodore Jewell; Mike Lopez; Prince William Sound Native Corporations, Plaintiffs–Appellees,

Estate of Ignatius Kosbruk; John B. Nielsen; Estate of John Kosbruk, Sr.; Steve Copeland; Estate of Seward Shea; Adolph Law Group, PLLC; Smyth and Mason, PLLC, Claimants–Appellees,

v.

Exxon Corporation; Exxon Shipping Company; Alyeska Pipeline Service Company; Estate of Peter Phillips, Defendants–Appellees.

No. 08–35978.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 24, 2009.

Filed July 23, 2009.

Andrew F. Behrend, Counsel, Stoel Rives LLP, Anchorage, AK, Peter Anthony Danelo, Leonard J. Feldman, Esquire, Stoel Rives, LLP, Michael T. Schein, Kevin Sullivan, Sullivan & Thoreson, John G. Young, Young Denormandie, PC, Seattle, WA, for Plaintiff–Appellant.

Douglas J. Serdahely, Esquire, Patton Boggs LLP, Michael Cohn, Wayne D. Hawn, Esquire, Phillip Paul Weidner, Esquire, Weidner & Associates, Inc., Neil T. O'Donnell, Esquire, Bruce Eric Gagnon, Esquire, Atkinson Conway & Gagnon, Wayne D. Hawn, Esquire, Lloyd Benton Miller, David W. Oesting, Esquire, Davis Wright Tremaine, LLP, Samuel J. Fortier, Esquire, Fortier & Mikko, P.C., Charles Willard Coe, Esquire, Law Office of Charles W. Coe, Alfred William Saupe, Ashburn & Mason PC, Timothy James Petumenos, Esquire, Birch, Horton, Bittner & Cherot, Anchorage, AK, Peter R. Ehrhardt, The Law Office of Peter Ehrhardt, Kenai, AK, Edward Paul Weigelt, Jr., Senior Counsel, Law Offices of Edward P. Weigelt, Jr., Lynnwood, WA, Charles L. Miller, Jr., Esquire, Dickstein Shapiro, LLP, Washington, DC, for Plaintiffs–Appellees.

Clay A. Young, Delaney Wiles, Inc., Anchorage, AK, for Claimants–Appellees.

John F. Clough, III, Esquire, Clough Associates, Auke Bay, AK, Charles Lifland, O'Melveny & Myers LLP, Los Angeles, CA, for Defendants–Appellees.

Before: SCHROEDER, KLEINFELD, and THOMAS, Circuit Judges.

## MEMORANDUM *

When this Exxon Valdez litigation was young, Sea Hawk Seafoods became a party to agreements among the plaintiffs providing for the allocation of damages. The Plan of Allocation divided recoveries among groups of plaintiffs. The Distribution Plans allocated recoveries among individual plaintiffs within each group. In February 2002, the district court approved amended versions of these agreements, and Sea Hawk Seafoods, apparently satisfied with the agreements, did not appeal.

In 2008, the main litigation in this case culminated in the Supreme Court's ruling that Exxon's liability for punitive damages is limited to a ratio of 1-to-1 with respect to compensatory damages. *Exxon Shipping Co. v. Baker,* — U.S. —, 128 S.Ct. 2605, 2634, 171 L.Ed.2d 570 (2008). The Supreme Court did not consider or discuss the allocation of punitive damages among the plaintiffs. Sea Hawk Seafoods now contends that the Supreme Court's decision controls that allocation and that Sea Hawk Seafoods is entitled to more damages than provided in the agreements.

█ The district court correctly ruled that the Supreme Court's decision with respect to the extent of Exxon's liability to the plaintiffs did not affect the earlier agreements of the plaintiffs as to the allocation of the damages. The allocation agreements remain "fair, reasonable, and adequate" within the meaning of Federal Rule of Civil Procedure 23(e); the Supreme Court's decision does not alter the fairness of the agreements. *Cf. Leroy Land Dev. v. Tahoe Reg'l Planning Agency,* 939 F.2d 696, 698–99 (9th Cir.1991). Moreover, Sea Hawk Seafoods failed to preserve any right to object to the Plan of Allocation or the Distribution Plan in the not unforeseeable event that damages were to be reduced. *See Slaven v. Am. Trading Transp. Co. Inc.,* 146 F.3d 1066, 1069 (9th Cir.1998).

█ Sea Hawk Seafoods also argues that it should be allowed to identify additional compensatory damages in order to qualify for additional punitive damages under the 1-to-1 ratio. This argument is foreclosed by law of the case. The Supreme Court accepted the total relevant compensatory damages to be $507.5 million. *Exxon Shipping,* 128 S.Ct. at 2634. Plaintiffs, including Sea Hawk Seafoods, then stipulated in this court to the entry of punitive damages in the amount of $507.5 million. Sea Hawk Seafoods is not now in a position to ask us to reconsider that amount. *Slaven,* 146 F.3d at 1069; *Leroy Land Dev.,* 939 F.2d at 699.

AFFIRMED.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.